## BURKETT *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 3, September Term, 1957 (Adv.).]

604

*Decided July 26, 1957.*

Before BRUNE, C. J., and HAMMOND and PRESCOTT, JJ.

HAMMOND, J., delivered the opinion of the Court.

Judge Joseph Carter of the Supreme Bench of Baltimore denied the petition of Floyd Calvin Burkett for a writ of *habeas corpus,* and he seeks leave to appeal. The sole basis urged for the writ was that the sentence Burkett had been given for a crime committed while on parole ran concurrently with the unexpired portion of the sentence from which he was on parole, and that therefore the total time he had been sentenced to serve had expired. Judge Carter decided that the second sentence was consecutive but, assuming the contrary, held that the application for the writ was premature because Burkett's time would not expire for several months, even if the sentences ran concurrently.

Judge Carter's decision was handed down on March 6, 1957. Even if Burkett is right in his contention that his second sentence was concurrent with the unexpired portion of the first, he was not entitled to discharge from the House of Correction where he is restrained, the record shows, until May 29, 1957, giving him the benefit of every credit to which he would be entitled. (In 1955 he received two separate one year consecutive sentences for other crimes). Therefore, Judge Carter was right in holding the application to be premature. *Roberts v. Warden*, 206 Md. 246, and the petition for leave to appeal must be denied.

We are impelled, however, to say that we think Burkett is right in his contention that he was entitled to be discharged on May 29, 1957. Code, 1956 Supp., Art. 41, Sec. 101, provides as follows: "Whenever any paroled prisoner shall be convicted of any crime committed while on parole, and shall be sentenced as a penalty therefor, to an additional period of incarceration in any institution within this State, the time to be served on the original term shall run consecutive to such new sentence, and be served in confinement prior to the beginning of such new sentence, unless expressly ordered to the contrary by the judge imposing such new sentence." Judge James Cullen of the Supreme Bench of Baltimore sentenced Burkett to eighteen months for a crime committed while he was on parole from a three year sentence of which he had about two years left to serve. The record contains this docket entry as to the second sentence: "Eighteen (18) months, dating from December 22, 1953." There is no doubt that if Judge Cullen had merely given a sentence of eighteen months, without elaboration, the sentences would have been consecutive. *Justice v. Warden*, 203 Md. 651. However, since Judge Cullen specifically made the second sentence run from the day of imposition, necessarily it ran concurrently with the sentence that the prisoner was then serving. In our opinion, the language Judge Cullen used amounted to a direction that the statute should not apply. This being so, it is clear that the prisoner was entitled to release on May 29, 1957, unless there are facts, unknown to us, that compel a different result. If there are no such facts, we assume that the Attorney General

606

will advise the Warden of the House of Correction that the prisoner should be released. The Clerk will send a copy of this opinion to the Attorney General.

*Application denied, with costs.*